**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANELL L. PRATT,

                  Petitioner-Appellant,

    v.

B. GOWER,

                  Respondent-Appellee.

No.   16-15535

D.C. No. 4:13-cv-01225-YGR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted January 10, 2018
San Francisco, California

Before: THOMAS, Chief Judge, and RAWLINSON and WATFORD, Circuit
Judges.

    Danell Pratt appeals the district court's denial of his petition for a writ of

habeas corpus brought under 28 U.S.C. § 2254. We have jurisdiction pursuant to

28 U.S.C. § 2253, and we affirm.

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court did not err in holding that the state court reasonably concluded that Pratt's right to confront witnesses under the Sixth Amendment was not violated by the admission of jail phone records. 28 U.S.C. § 2254(d). The state court reasonably concluded that the jail phone records were cumulative of other evidence that tended to show Pratt's attempt to fabricate an alibi. The state court did not misapply clearly established law or make an unreasonable determination of fact when it concluded that Pratt was not prejudiced by the admission of the records.

We need not decide whether Pratt's counsel's performance was constitutionally deficient because Pratt's claims of ineffective assistance of counsel fail for lack of prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that an ineffective assistance of counsel claim has two components: deficient performance and prejudice). The undisputed evidence showed that Pratt attempted through various means to fabricate an alibi. Eyewitnesses identified him as the shooter. Thus, the state court reasonably determined that Pratt failed to demonstrate *Strickland* prejudice on the claims it considered.

To the extent that the state court overlooked some of Pratt's ineffective assistance of counsel claims, we review those claims *de novo*. *Johnson v.*

*Williams*, 568 U.S. 289, 302–03 (2013). On *de novo* review, for the same reasons, we conclude that Pratt failed to establish *Strickland* prejudice on those claims.

We review Pratt's claim of complete denial of counsel under the Sixth Amendment *de novo* because the state court overlooked the claim. *Id.* The denial of counsel inquiry focuses on whether counsel "act[ed] in the role of an advocate" and put the prosecution's case to "meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656 (1984). As the District Court noted, "the record reflects a trial attorney who was perhaps not particularly skillful but who nevertheless successfully made and argued against objections, adequately cross-examined government witnesses, presented a logical defense to the jury in light of the evidence, and advocated on Petitioner's behalf during a jury instruction conference and at sentencing." The record reveals that Pratt was not completely denied counsel.

We are troubled by some of the allegations made by Pratt as to his attorney's conduct, as was the State of California. However, applying the appropriate legal standards to this case, we conclude that the district court properly denied Pratt's petition for a writ of habeas corpus.

**AFFIRMED.**

3